**Debra A. and George SIMON, et al., Plaintiffs,**

v.

**G.D. SEARLE & COMPANY, a Delaware corporation, Defendant.**

**Civ. No. 4–80–160.**

United States District Court, D. Minnesota, Fourth Division.

Dec. 15, 1987.

Michael V. Ciresi, Roger P. Brosnahan, Jonathan S. Parritz, Robins, Zelle, Larson & Kaplan, Minneapolis, Minn., for plaintiffs.

Michael Berens, Madge S. Thorsen, Jeanne M. Gode, Oppenheimer Wolfe & Donnelly, Minneapolis, Minn., for defendant.

## ORDER

RENNER, District Judge.

Before the Court is plaintiffs' appeal from Paragraph 3 of the Special Master's

Report to the Court dated September 25, 1987.

In his report, the Master determined that existing confidentiality orders do not require that documents deemed confidential during the discovery process be filed under seal when submitted to the Court in connection with dispositive motions. The Master nonetheless recommended that the confidentiality orders governing this litigation be amended to require that "all materials protected as confidential by this Court used as exhibits in dispositive motions be initially filed under seal." Special Master Report at pg. 4.

The Master further stated that the issue of whether such documents should be afforded confidential treatment at trial or whether they should be released to the public is an issue for the trial court. Accordingly, the Master would give defendant "an opportunity to raise the issue of confidentiality with trial courts prior to the documents or other material, protected by this Court's confidentiality order, being filed in a public record." Id. at pp. 3–4.

Plaintiffs appeal the recommended amendment of previous confidentiality orders as violative of the public's right of contemporaneous access to judicial proceedings. After careful review, the Court affirms the Master and denies plaintiffs' appeal.

█ While plaintiffs would have the law be otherwise, there is no established right of public access to prejudgment records in civil cases. In re Reporters Committee for Freedom of the Press, 773 F.2d 1325, 1338–39 (D.C.Cir.1985).

█ This Court clearly has discretion to deny access to documents filed, but not admitted into evidence or relied upon by the Court. Anderson v. Cryovac, Inc., 805 F.2d 1 (1st Cir.1986); Tavoulareas v. Washington Post Company, 111 F.R.D. 653, (D.D.C.1986).

█ At best, the presumption of public access to judicial records has force only when the Court relies on particular documents to determine the litigants' substantive rights. Anderson, 805 F.2d at 13. Thus, even in cases which do not involve confidential documents, this Court, as a matter of course, has never sanctioned wholesale filing of discovery materials, depositions or exhibits until it is clear said materials will be relied on and considered by the Court.

Where, as here, the Special Master has concluded that the contested documents are legitimate trade secrets or merit protection on other grounds,[1] this policy is even more compelling.

Plaintiffs' reliance on In re Continental Illinois Securities Litigation, 732 F.2d 1302 (7th Cir.1984), Joy v. North, 692 F.2d 880 (2d Cir.1982), cert. denied, 460 U.S. 1051, 103 S.Ct. 1498, 75 L.Ed.2d 930 (1983) and Application of National Broadcasting Company, 635 F.2d 945 (2d Cir.1980) is unavailing. These cases support the general proposition that the public's right of access to court records is strongest while dispositive motions are still pending. None of the cases, however, compels contemporaneous access.

Indeed, Joy and In re Continental granted rights of access only after final determination of substantive rights—in Joy, through the court's entry of summary judgment, in Continental Illinois, through plaintiffs' agreement to dismiss the claims against some of the defendants. Application of National Broadcasting Company, concerning as it does the right of contemporaneous access to evidence introduced during a criminal trial, is simply not controlling with respect to documents submitted in support of pre-trial motions in a civil case.

Accordingly, until this Court's ruling on the pending dispositive motions, those documents filed in connection with the motions, and still subject to confidentiality orders, shall remain under seal.

1. The parties' cross-appeals of the Special Master's confidentiality designations are currently pending before this Court.

Once the pending dispositive motions are decided, the Court is inclined to remove the seal from those documents relied upon in deciding the motions. However, the Court will entertain a motion by defendant as to whether particular documents should be afforded confidential treatment at trial.

Based on the foregoing, and a review of the entire file and record, IT IS HEREBY ORDERED that plaintiffs' appeal from Paragraph 3 of the Special Master's Report to the Court dated September 25, 1987 is denied, and the Report is in all respects affirmed.